COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                      SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO:

NANCY WALSH BY
SHANNON THOMAS-GEORGE                    )
UNDER POWER OF ATTORNEY                  )
FOR NANCY R WALSH                        )
                                         )
        Plaintiff,                       )      FIRST AMENDED
                                         )      COMPLAINT
vs.                                      )
                                         )
SARAH'S PLACE ADULT DAY                  )
HEALTH CENTER, INC. ,and                 )
                                         )
                                         )
                                         )
ROBERT LAVANGA                           )
                                         )
        Defendant's.                     )

## PARTIES

1.   The Plaintiff, Nancy Walsh by Shannon Thomas-George, attorney in
     fact under a power of attorney dated September 12, 2017 for Nancy R.
     Walsh. (Hereafter "Plaintiff")

2.   The Defendant, Sarah's Place Adult Day Health Center, Inc.
     (Hereafter "Sarah's Place") is a Massachusetts Corporation doing
     business within the Commonwealth of Massachusetts and having a
     principal place of business at 180 Water Street, Haverhill, MA 01830.

3.   The Defendant, Robert Lavanga (Hereafter "Lavanga") is an
     individual who was an employee or agent of the Defendant Sarah's
     Place Adult Day Health Center, Inc., and who's negligent conduct
     caused the plaintiff's damages.

## GENERAL ALLEGATIONS

4.      The Plaintiff regularly attended the Sarah's Place adult day program located at 180 Water Street, Haverhill, MA 01830.

5.      The Plaintiff attended Sarah's Place's program every day for 6-8 hours each day, where she was provided with personal care assistance.

6.      The Plaintiff was regularly transported by a van owned operated and controlled by the Sarah's Place, to Plaintiff's residence, located at 150 ½ Oakland Avenue, Methuen, MA 01844.

7.      The Plaintiff was transported in a van operated by Lavanga on the date of the incident on or about May 9, 2017.

8.      On or about May 9, 2017, the Plaintiff was being transported home by Sarah's Place's driver, Lavanga, to her home.

9.      The Plaintiff was wearing a harness as a result of her being a known fall risk and to assist with the loading/unloading of her from the van and transporting her to her residence in a reasonably safe manner.

10.     Sarah's Place's and their driver, Lavanga, failed to exercise due care in carrying out their duty to operate the motor vehicle and transport Plaintiff from Defendant's Facility to Plaintiff's home.

11.     Sarah's Place's and Lavanga failed to exercise due care in carrying out their duty to convey, load and unload Plaintiff from Sarah's Place's vehicle to the Plaintiff's home.

12.     Sarah's Place's failed to exercise due care in carrying out their duty to train and supervise their employees regarding the proper care when transporting, loading, unloading and conveying the Plaintiff from Sarah's Place's vehicle.

13.     As a result of the Sarah's Place's and Lavanga's direct and proximate negligence Plaintiff suffered injuries after a fall on or about May 9, 2017 while in the care and custody of the Sarah's Place's and Lavanga.

14.     As a result of the fall and hitting her head, the Plaintiff suffered a brain injury.  The Plaintiff was flown to Boston Medical Center as she was on life support and had a massive brain bleed and continues to suffer and require medical treatment to this day.

## COUNT I
## AGAINST SARAH'S PLACE
(Negligence)

15. The Plaintiff realleges the allegations contained in Paragraphs 1-14 as if stated fully herein.

16. The Defendant Sarah's Place knew or should have known that the Plaintiff required direct hands on support and care when operating a motor vehicle, loading, unloading, conveying and when accesses her residence in a reasonable and safe manner.

17. The Defendant Sarah's Place owed a duty to exercise reasonable care in carrying out their duty operating a motor vehicle and transporting Plaintiff from Sarah's Place's facility to Plaintiff's home in a reasonable, professional, safe and secure manner.

18. The Defendant Sarah's Place owed a duty to exercise due care in carrying out their duty operating a motor vehicle, loading and unloading Plaintiff from Defendant's vehicle at Plaintiff's home in a reasonable, professional, safe and secure manner.

19. As a direct and proximate result of the negligence of the Defendant Sarah's Place and of the breach of duty to the Plaintiff, the Plaintiff sustained personal injuries, suffered great pain in body and mind and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment. As a result of the care provided by Defendant, Sarah's Place, the Plaintiff suffered great medical expenses, serious, sever and permanent injuries, pain and suffering and loss of enjoyment of life.

## COUNT II
## AGAINST SARAH'S PLACE
(Negligent Supervision and Training)

20. The Plaintiff realleges the allegations contained in Paragraphs 1-19 as if stated fully herein.

21. The Defendant Sarah's Place owed a duty to exercise due care in carrying out their duty training and supervising their employees in the proper methods for transporting, loading, unloading and conveying patients in general and also specifically with patients identified as a fall risk, in a reasonable, safe and secure manner.

22. As a direct and proximate result of the negligence supervision and training and of the breach of duty to the Plaintiff, the Plaintiff sustained

3

personal injuries, suffered great pain in body and mind and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment. As a result of the care provided by Defendant Sarah's Place, the Plaintiff suffered great medical expenses, serious, sever and permanent injuries, pain and suffering and loss of enjoyment of life.

## COUNT III
## AGAINST SARAH'S PLACE
(Negligent Rendering in caring of Vulnerable Party)

23.   The Plaintiff realleges the allegations contained in Paragraphs 1-22 as if stated fully herein.

24.   The Defendant Sarah's Place owed a duty to exercise reasonable care when they undertook to render assistance and care to the Plaintiff who was known to them to be vulnerable and failed to do so in a reasonably prudent manner.

25.   As a direct and proximate result of the negligence of the Defendant Sarah's Place and of the breach of duty to the Plaintiff, the Plaintiff sustained personal injuries, suffered great pain in body and mind and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment. As a result of the care provided by Defendant Sarah's Place, the Plaintiff suffered great medical expenses, serious, sever and permanent injuries, pain and suffering and loss of enjoyment of life.

## COUNT IV
## AGAINST SARAH'S PLACE
(Breach of Contract)

26.   The Plaintiff realleges the allegations contained in Paragraphs 1-25 as if stated fully herein.

27.   On or about May 9, 2017, Defendant Sarah's Place contracted with Plaintiff to provide care for Plaintiff and to care for, assist, supervise, treat, convey, transport via operation of a motor vehicle, load and unload Plaintiff to and from her residence. Defendant Sarah's Place failed to perform their contractual duty and work to a satisfactorily standard of care and in breach of their contract.

28.   Defendant Sarah's Place's driver failed to exercise due care in carrying out their contractual duty to operate a motor vehicle and transport Plaintiff from Defendant Sarah's Place to Plaintiff's home.

29.   Defendant Sarah's Place driver failed to exercise due care in carrying out their contractual duty to convey, load and unload Plaintiff from Defendant's Sarah's Place vehicle to the Plaintiff's home.

30.   Defendant Sarah's Place failed to exercise due care in carrying out their duty to train and supervise their employees regarding the proper care when transporting, loading, unloading and conveying the Plaintiff from Defendant's Sarah's Place vehicle.

31.   As a direct and proximate result of the breach of contract of the Defendant Sarah's Place and of the breach of duty to the Plaintiff, the Plaintiff sustained personal injuries, suffered great pain in body and mind and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment. As a result of the care provided by Defendant Sarah's Place, the Plaintiff suffered great medical expenses, serious, sever and permanent injuries, pain and suffering and loss of enjoyment of life.

## COUNT V
## AGAINST LAVANGA
(Negligence)

32.   The Plaintiff realleges the allegations contained in Paragraphs 1-31 as if stated fully herein.

33.   The Defendant Lavanga knew or should have known that the Plaintiff required direct hands on support and care when operating a motor vehicle, loading, unloading, conveying and when accesses her residence in a reasonable and safe manner.

34.   The Defendant Lavanga owed a duty to exercise reasonable care in carrying out their duty operating a motor vehicle and transporting Plaintiff from Sarah's Place's facility to Plaintiff's home in a reasonable, professional, safe and secure manner.

35.   The Defendant Lavanga owed a duty to exercise due care in carrying out their duty operating a motor vehicle, loading and unloading Plaintiff from the motor vehicle at Plaintiff's home in a reasonable, professional, safe and secure manner.

36.   As a direct and proximate result of the negligence of the Defendant Lavanga and of the breach of duty to the Plaintiff, the Plaintiff sustained personal injuries, suffered great pain in body and mind and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment. As a result of the care provided by

Defendant Lavanga the Plaintiff suffered serious, sever and permanent injuries, pain and suffering and loss of enjoyment of life.

## COUNT VI
## AGAINST LAVANGA
(Negligent Rendering in caring of Vulnerable Party)

37. The Plaintiff realleges the allegations contained in Paragraphs 1-36 as if stated fully herein.

38. The Defendant Lavanga owed a duty to exercise reasonable care when they undertook to render assistance and care to the Plaintiff who was known to them to be vulnerable and failed to do so in a reasonably prudent manner.

39. As a direct and proximate result of the negligence of the Defendant Lavanga and of the breach of duty to the Plaintiff, the Plaintiff sustained personal injuries, suffered great pain in body and mind and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment. As a result of the care provided by Defendant Lavanga, the Plaintiff suffered serious, sever and permanent injuries, pain and suffering and loss of enjoyment of life.

## COUNT VII
## AGAINST LAVANGA
(Breach of Contract)

40. The Plaintiff realleges the allegations contained in Paragraphs 1-39 as if stated fully herein.

41. On or about May 9, 2017, Defendant Lavanga contracted with Plaintiff to provide care for Plaintiff and to care for, assist, supervise, treat, convey, transport via operation of a motor vehicle, load and unload Plaintiff to and from her residence. Defendant Lavanga failed to perform their duty and work to a satisfactorily standard of care and in breach of their contract.

42. Defendant Lavanga failed to exercise due care in carrying out their duty to operate a motor vehicle and transport Plaintiff from Sarah's Place to Plaintiff's home.

43. Defendant Lavanga failed to exercise due care in carrying out their duty to convey, load and unload Plaintiff from the vehicle to the Plaintiff's home.

44. As a direct and proximate result of the breach of contract of the Defendant Lavanga and of the breach of duty to the Plaintiff, the Plaintiff

sustained personal injuries, suffered great pain in body and mind and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment. As a result of the care provided by Defendant Lavanga the Plaintiff suffered serious, sever and permanent injuries, pain and suffering and loss of enjoyment of life.

## PRAYER's FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendant, Sarah's Place Adult Day Health Center Inc in an amount which this Court deems just and proper under the circumstances of this case, plus interest, attorney's fees and costs of this action and such other relief as the court deems just and proper.

## PRAYER's FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendant, Robert Lavanga in an amount which this Court deems just and proper under the circumstances of this case, plus interest, attorney's fees and costs of this action and such other relief as the court deems just and proper.

Respectfully submitted,
Attorney for the Plaintiff,

Dated: May 17, 2018

Christopher DiBella, Esq
(BBO #660488)
DiBella Law Offices, PC
45 Osgood Street
Methuen, Massachusetts 01844
(978) 327-5140
chris.dibella@dibellalawoffice.com